KING, Judge.
The issue presented by this appeal is whether the Village of Harrisonburg and its Mayor are liable for damages to plaintiffs jeep.
On November 8, 1985, Cury Pittman, Chief of Police of the Village of Harrison-burg, Louisiana borrowed trustee prisoners for work from the Sheriff of Catahoula Parish, Louisiana. While working in the Village of Harrisonburg, one of the prisoners, Billy Ray Robinson, escaped. In the process of his escape, Robinson allegedly stole and wrecked a jeep owned by Everett Mayo, Jr. (hereinafter plaintiff).
Plaintiff sued Thomas L. Cater, in his capacity as Mayor of the Village of Harri-sonburg, and the Village of Harrisonburg (hereinafter collectively referred to as the Village), as well as Thomas L. Jackson, Sheriff of Catahoula Parish, and Southern American Insurance Company, the insurer of the Sheriff (hereinafter collectively referred to as the Sheriff) for dahiages caused to his jeep when a prisoner in' their custody escaped. The Village and the Sheriff each filed answers denying they were liable to plaintiff. Both the Village and the Sheriff pled the comparative negligence of the plaintiff because plaintiff allegedly left his keys-in his jeep.
The Village filed a Third Party Demand against the Sheriff, and the Sheriff filed a Third Party Demand against the Village.
On March 8, 1988, the trial court rendered a partial summary judgment on liability in favor of the plaintiff and denied the motions for summary judgment of the Village and the Sheriff. A formal written judgment was signed on March 8, 1988. After a trial on damages, held on August 15, 1988, judgment was rendered in favor of plaintiff and against the Village and the Sheriff. A formal written judgment was signed on August 30, 1988. The Village appeals the trial court's decision, under both of these judgments, finding it liable to plaintiff for his damages. We affirm.
FACTS
All parties to this suit filed partial motions for summary judgment on the issue of liability. In a judgment on these motions, rendered and signed on March 8, 1988, the trial judge denied the motions of the Village and the Sheriff and partially granted the plaintiffs motion, finding the Village and the Sheriff liable in solido to the plaintiff for his damages. The motion for summary judgment of the plaintiff for damages in the amount of $1,500.00 was denied.
On August 15, 1988, trial was held, on the issue of damages only, and judgment was rendered in favor of the plaintiff and against the Village and the Sheriff, in soli-do, for damages to plaintiff’s jeep in the sum of $1,159.48 with legal interest from date of judicial demand, until paid, and all costs of court. On August 30, 1988, the trial judge signed a second judgment in this suit. The August 30, 1988 judgment also stated that, pursuant to the summary judgment rendered on March 8, 1988, the trial court found no contributory negligence on the part of the plaintiff and that the liability of the Village and Sheriff was fixed at 50% each.
On September 6, 1988, the Village sus-pensively appealed both the March 8, 1988 and the August 30, 1988 judgments specifying as the only errors in its appellate brief the finding of the trial court that it *273 was liable to the plaintiff for the damages to his jeep and the trial court’s failure to grant the Village’s motion for summary judgment dismissing the plaintiff’s demands against the Village.
LAW
The Village specifies as error and argues in its brief to this court that it is not liable to the plaintiff for any of plaintiff’s damages and that the trial court erred in denying its motion for summary judgment. The issue of the Village’s liability was decided by the trial court by the judgment on the motions for summary judgment rendered and signed on March 8, 1988.
The judgment rendered and signed on March 8,1988 was a partial summary judgment on the issue of liability in favor of the plaintiff and against the Village. The judgment further denied the Village’s motion for summary judgment to have plaintiff’s demands against it dismissed. La.C. C.P. Art. 1915. Summary judgments are final judgments even if the judgment does not grant the mover all of the relief prayed for in the motion. La.C.C.P. Art. 968. Appeals may be taken from final judgments, La.C.C.P. Art. 2083, and must be taken within the delays allowed by law.
Under La.C.C.P. Art. 2123, April 18,1988 was the last day on which the Village could have suspensively appealed the March 8, 1988 judgment finding it liable to plaintiff. The last day on which the Village could have taken a devolutive appeal from that judgment was May 16, 1988. The Village failed to take either a suspensive or devolu-tive appeal, from the March 8, 1988 judgment deciding the issue of liability, until September 6, 1988. The app'eal by the Village on the issue of its liability to plaintiff is, therefore, untimely. The judgment of March 8, 1988 finding the Village liable, in solido, with the Sheriff to the plaintiff is definitive and final. The Village cannot now contest its liability on the basis of the trial court’s failure to grant its motion for summary judgment to dismiss the plaintiff’s suit because it was not liable to plaintiff. The issue of the Village’s liability and the denial of its motion for summary judgment on the issue of liability is not properly before this court on appeal.
As we have previously noted, the appellants’ sole specification of error to this Court on appeal is its liability to the plaintiff. The Village does not specify as error or argue in its appellate brief to this Court that it is less than 50% at fault, or that the trial court erred in finding the plaintiff free of fault, or that the amount of damages was improper. These issues would be properly before this court since the August 30, 1988 judgment was timely appealed; however, since they are not specified as error in the Village’s appeal we will not consider them.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants, the Village of Harrisonburg and Thomas L. Cater, in his capacity as Mayor of the Village of Harrisonburg.
AFFIRMED.